# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: July 26, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| KATHLEEN MANGOTICH, | * | |
| | * | |
| Petitioner, | * | No. 21-1458V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Paul A. Green,* Law Office of Paul Green, Pasadena, CA, for petitioner.
*Katherine Edwards,* U.S. Dept. of Justice, Washington, D.C., for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On July 10, 2024, Kathleen Mangotich ("petitioner") moved for interim attorneys' fees and costs. Interim Attorneys' Fees Application ("Int. Fee App.") (ECF No. 147). For the reasons discussed below, I hereby **GRANT** petitioner's motion and award a total of $80,203.00 in interim attorneys' fees and costs and petitioner's costs.

### I.      Procedural History

On June 10, 2021, petitioner filed her claim for compensation in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleges that the tetanus-diphtheria-acellular ("Tdap") and/or the meningococcal vaccines she received on June 11, 2020, caused her to develop Miller Fisher-Guillain-Barre syndrome ("GBS"). *Id.* Petitioner filed

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

medical records, an affidavit, and statement of completion in accordance with the Pre-Assignment Review ("PAR") Initial Order. Petitioner's ("Pet'r) Exhibits ("Exs.") 1-6; Statement of Completion.

The case was transferred to the undersigned's docket on February 4, 2022 and I issued an initial order on February 7, 2022. On June 10, 2022, respondent filed the Rule 4(c) Report recommending against compensation. Respondent ("Resp.") Report ("Rept.") (ECF No. 17). Accordingly, I ordered petitioner to file an expert report. Scheduling Order, Non-PDF, July 11, 2022. Petitioner filed an expert reports from Dr. Omid Akbari and Dr. Joseph Jeret. Pet'r Exs. 7, 8. Respondent filed responsive expert reports from Dr. Fujinami and Dr. Donofrio. Resp. Exs. A & C.

The undersigned held a Rule 5 status conference on March 22, 2024, where I explained that some of the diagnostic issues raised by respondent's experts should be addressed by petitioner's neurology expert, Dr. Jeret. Rule 5 Order (ECF No. 139). Petitioner and respondent both filed responsive expert reports in accordance with the Rule 5 order and petitioner also transmitted a demand to respondent. Pet'r Ex. 108; Resp. Ex. E. On June 17, 2024, I granted petitioner's motion to supplement the record with a responsive expert report if necessary, but directed the parties to file a status report by August 1, 2024 on possible settlement negotiations.

On July 10, 2024, petitioner filed this motion for interim attorneys' fees and costs. Int. Fee App. Petitioner is requesting $45,397.00 in interim attorneys' fees and $39,190.00 in attorneys' costs, for a total of $84,587.00 in interim attorneys' fees and costs. *Id.* at 4. Respondent filed a response to petitioner's motion deferring to the special master to determine whether petitioner has met the legal standard for an interim fees and costs and request that the Court use its discretion to determine a reasonable award for attorneys' fees and costs. Resp. Response (ECF No. 148). Petitioner filed a reply on July 22, 2024 stating that respondent "concedes that the Petition was filed in good faith and with reasonable basis," and requests that the Court grant petitioner's interim fees application. Pet'r Reply at 8.

This matter is now ripe for adjudication.

## II. Entitlement to Attorneys' Fees and Costs

### A. Legal standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

2

Petitioners act in "good faith" if they filed their claims with an honest belief that a vaccine injury occurred. *Turner v. Sec'y of Health & Human Servs.,* No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). In this case, petitioner's medical records indicate that she was diagnosed with MFS-GBS and she associated the onset of her MFS-GBS to the vaccinations she received. Thus, petitioner has satisfied the good faith requirement.

To receive an award of fees and costs, a petitioner must also demonstrate the claim was brought with a reasonable basis through objective evidence supporting "the *claim* for which the petition was brought." *Simmons v. Sec'y of Health & Human Servs.,* 875 F.3d 632 (Fed. Cir. 2017); *see also Chuisano v. Sec'y of Health & Human Servs.,* 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.,* 101 Fed Cl. 297, 303 (2011)). To establish a reasonable basis for attorneys' fees, the petitioner need not prove a likelihood of success. *Woods v. Sec'y of Health & Human Servs.,* No. 10-377V, 2012 WL 401485, at *6-7 (Fed. Cl. Spec. Mstr. Aug. 23, 2012). Instead, the special master considers the totality of the circumstances and evaluates objective evidence that, while amount to less than a preponderance of evidence, constitutes "more than a mere scintilla" of evidence. *Cottingham v. Sec'y of Health & Human Servs.,* 971 F.3d 1337, 1344-46 (Fed. Cir. 2020). Here, petitioner has filed accompanying medical records to support her petition, in addition, she filed three expert reports to support her claim for vaccine causation. Additionally, respondent specifically deferred to the special master on a finding of reasonable basis. As such, I find that there is reasonable basis to award petitioner reasonable interim attorneys' fees and costs.

### B. Interim Awards

The Vaccine Act permits interim attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. I do not routinely grant interim fee applications. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000.00. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

Petitioner's claim has been pending since 2021. Additionally, petitioner's request for attorneys' fees exceeds $30,000.00 and the expert costs exceed $15,000.00. While the parties are engaging in settlement negotiations, there is the possibility for ongoing fees and costs if settlement is unsuccessful. Accordingly, I find that an award of interim attorneys' fees and costs is appropriate at this time.

### III. Reasonable Attorneys' Fees and Costs

A. **Legal Standard**

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hour that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

B. **Attorneys' Fees**

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2018-2024 can be accessed online.[3]

Petitioner requests that her attorney, Mr. Paul Green, be reimbursed at the following hourly rates:

| | |
|---|---|
| 2020 | $430.00 |
| 2021 | $440.00 |
| 2022 | $450.00 |
| 2023 | $460.00 |
| 2024 | $470.00 |

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914

The hourly rates that petitioner is requesting for Mr. Green for work performed in 2020, 2021, 2022, and 2023 are higher than the rates than he has been awarded in prior OSM Vaccine Cases. *See Olsen-Santoro v. Sec'y of Health & Human Servs.,* No. 20-948V, 2024 WL 752259 (Fed. Cl. Spec. Mstr. Jan. 23, 2024). He has previously been awarded an hourly rate of $405.00 for work performed in 2020; $420.00 per hour for work performed in 2021; $440.00 for work performed in 2022; and $450.00 for work performed in 2023. *See Silva v. Sec'y of Health & Human Servs.,* No. 18-1887V, 2021 WL 946043 (Fed. Cl. Spec. Mstr. Mar. 5, 2021); and *Flores v. Sec'y of Health & Human Servs.,* No. 19-818V, 2022 WL 1873711 (Fed. Cl. Spec. Mstr. Apr. 22, 2022). The undersigned also had previously adjusted Mr. Green's hourly rates for 2020-2022 in *Roeder* and those rates are consistent with the rates awarded in *Silva* and *Olsen-Santoro. See Roeder v. Sec'y of Health & Human Servs.,* No. 19-1897V, 2023 WL 2252392, at *2 (Fed. Cl. Spec. Mstr. Jan. 31, 2023). It is not the practice of OSM to adjust prior rate determinations upward in later cases. *See Jefferson v. Sec'y of Health & Human Servs.,* No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I will reduce Mr. Green's hourly rates for 2020, 2021, 2022, and 2023. **This will result in a reduction of $964.00 in attorneys' fees.** For the time billed in 2024, I will grant Mr. Green his requested rate of $470.00 per hour, because he has between 20-30 years of experience in practice.

It also appears that Mr. Green charged his full attorney rate for paralegal tasks. Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. *See e.g. Doe/11 v. Sec'y of Health & Human Servs.,* No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins,* 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.,* No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Turpin v. Sec'y of Health & Human Servs.,* No. 99-535V, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008). Similar reductions in fees have been made in other fee decisions pertaining to Mr. Green. *See Flores v. Sec'y of Health & Human Servs.,* 2022 WL 1873711, at * 2; and *Boss v. Sec'y of Health & Human Servs.,* No. 19-1881V, 2023 WL 6366583, at *6-7 (Fed. Cl. Spec. Mstr. Jul. 21, 2023).

In this matter, for example, Mr. Green charged his full attorney rate for tasks that are more properly characterized as paralegal tasks, including filing documents and obtaining medical records. For example, he charged his full attorney rate on March 26, 2021, April 20, 2021, and May 7, 2021 for correspondence to and from Kaiser for obtaining medical records. Int. Fee App. Ex. A at 3. On June 9, 2021, he charged his full attorney rate for "collating and preparing exhibits to petition for filing (converting to text searchable, reduce size, PDFs, with Bates numbering). *Id.* at 3. On November 6, 2023, he charged his full attorney rate for preparing and filing the expert reports. *Id.* at 20. On February 17, 2024, he charged his full attorney rate for preparing and filing exhibits, which included formatting (text searchable, bates stamped, reduce size PDFs). Again on February 19, 2024, it appears that he charged his full attorney rate to prepare documents for filing which included (formatting, text searchable, bates stamping, and reducing PDF size). Consistent with other decisions regarding an appropriate rate for Mr. Green performing paralegal work, I will reduce his rate for these tasks to $172.00 per hour. **This will result in a further reduction of attorneys' fees of $3,419.20.**

A line-by-line evaluation of the fee application is not required and will not be performed.

5

*Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521. Upon review of the billing sheet, aside from the discussion above regarding petitioner's attorney billing at a higher rate than allowable for paralegal tasks, the number of hours billed for such tasks appears to be reasonable.

**Thus, the total reduction of attorneys' fees is $4,383.20.**

### C. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner is requesting her attorney be reimbursed for a total of $28,790.00. In support of the attorneys' costs, petitioner submitted two invoices from experts, Dr. Joseph Jeret and Dr. Omid Akbari. Int. Fee App. Ex. B. Dr. Jeret charged $500.00 per hour for his work in this matter and performed 25 hours of work. *Id.* at 1. His work included reviewing petitioner's medical records, researching medical literature, reviewing the Rule 5 Order, and drafting two expert reports. Petitioner had paid for the initial retainer of Dr. Jeret for $5,000.00, therefore, Mr. Green's costs associated with Dr. Jeret were $7,500.00. Dr. Akbari charged $550.00 per hour for a total of 47.8 hours of work. This included reviewing petitioner's medical records, reviewing relevant medical literature, and drafting a report. *Id.* at 2-4. Again, petitioner paid Dr. Akbari's initial retainer of $5,000.00 and thus, Mr. Green's costs were $21,290.00. Accordingly, these costs are reasonable and petitioner's attorney shall be reimbursed in full for a total of $28,790.00.

### D. Petitioner's Costs

Petitioner also submitted an affidavit with her interim attorneys' fees and costs application indicating that she has personally incurred $10,400.00 in costs litigating her claim. Petitioner indicated that she paid the filing fee for her claim and a total of $10,000.00 for retaining both Drs. Jeret and Akbari. Accordingly, petitioner shall be reimbursed for these costs, as they are routinely reimbursed in this program.

### IV. Conclusion

For the reasons set forth above, I find that it is reasonable to compensation petitioner and her attorney for interim attorneys' fees and costs consistent with the following:

| | |
|---|---|
| **Attorneys' Fees Requested** | $45,397.00 |
| (Adjustment to Attorneys' Fees) | (-$4,383.20) |
| **Attorneys' Fees Awarded** | **$41,013.80** |
| | |
| **Attorneys' Costs Requested** | $28,790.00 |
| (Adjustment to Attorneys' Costs) | ------ |
| **Attorneys' Costs Awarded** | **$28,790.00** |

| | |
|---|---|
| **Total Interim Attorneys' Fees and Costs** | **$69,803.80** |

Additionally, petitioner is awarded a total of $10,400.00 in costs.

Accordingly, the following in interim attorneys' fees and costs are awarded as follows:

A) **A lump sum payment of $69,803.80, representing reimbursement for interim attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Mr. Paul Green.**

B) **A lump sum payment of $10,400.00, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).