# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed:  January 29, 2026

```
*  *  *  *  *  *  *  *  *  *  *  *  *    *
KATHLEEN MANGOTICH,                      *
                                         *
          Petitioner,                    *      No. 21-1458V
                                         *
v.                                       *      Special Master Gowen
                                         *
SECRETARY OF HEALTH                      *
AND HUMAN SERVICES,                      *
                                         *
          Respondent.                    *
*  *  *  *  *  *  *  *  *  *  *  *  *    *
```

*Paul Adrian Green*, Law Office of Paul Green, Pasadena, CA, for Petitioner.
*Katherine Edwards*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 3, 2025, Kathleen Mangotich, ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 175). For the reasons discussed below, I **GRANT IN PART** Petitioner's motion for attorneys' fees and costs and award a total of **$20,203.60.**

### I.    Procedural History

On June 10, 2021, Kathleen Mangotich ("petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program.[2] (Petition) (ECF No. 1). Petitioner alleged that as a result of receiving the tetanus-diphtheria and acellular pertussis ("Tdap") and/or meningococcal oligosaccharide ("meningococcal") vaccines on June 16, 2020, she suffered

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) (Vaccine Act or the Act. All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Guillain-Barré Syndrome ("GBS"). *Id*. On May 8, 2025, the parties filed a stipulation, which I adopted as my decision awarding compensation on the same day. (ECF No. 170).

On July 10, 2024, Petitioner filed a motion requesting $84,587.00 in interim attorneys' fees and costs. ECF No. 147. Petitioner's motion was granted in part, and petitioner was awarded $80,203.00 in interim attorneys' fees and costs. ECF No. 150.

On September 3, 2025, petitioner filed a final motion for attorneys' fees and costs. Petitioner requests compensation in the total amount of $21,394.00, representing $21,373.00 in attorneys' fees and $21.00 in costs. Fees App. at 3. Petitioner warrants she has not personally incurred any costs in pursuit of her claim. Fees App. at 3., Ex. E. Respondent reacted to the fees motion on September 15, 2025, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 176). Petitioner did not file a reply.

The matter is now ripe for adjudication.

## II.    Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.   Attorneys' Fees

Petitioner requests that her attorney, Mr. Paul Green, be reimbursed $470.00 per hour for work performed in 2024, and $490.00 per hour for work performed in 2025. These rates are reasonable and consistent with what Mr. Green has previously been awarded for his Vaccine Program work. *See Baker v. Sec'y of Health & Human Servs.*, No. 21-1869V, 2025 WL 1513417, at *2-3 (Fed. Cl. Spec. Mstr. Apr. 29, 2025).

A line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests.... [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

Upon review of the submitted billing statement, it appears that Mr. Green charged his full attorney rate for paralegal tasks. Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. *See e.g. Doe/11 v. Sec'y of Health & Human Servs.,* No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins,* 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.,* No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Turpin v. Sec'y of Health & Human Servs.,* No. 99-535V, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008). Similar reductions in fees have been made in other fee decisions pertaining to Mr. Green. *See, e.g., Mangotich v. Sec'y of Health & Human Servs.,* No. 21-1458V, 2024 WL 5316648, at * 2 (Fed. Cl. Spec. Mstr. July 26, 2024); *Flores v. Sec'y of Health & Human Servs.,* No. 19-0818V, 2022 WL 1873711, at * 2 (Fed. Cl. Spec. Mstr. Apr. 22, 2022); and *Boss v. Sec'y of Health & Human Servs.,* No. 19-1881V, 2023 WL 6366583, at *6-7 (Fed. Cl. Spec. Mstr. July 26, 2023).

In this matter, for example, Mr. Green charged his full attorney rate for tasks that are more properly characterized as paralegal tasks, including filing documents. For example, on December 9, 2024, he charged his full attorney rate for "Preparing and filing Notice of Filing Petitioner's Exhibits 119 and 120 (Petitioner's summary of economic losses and receipts for economic losses) together with Exhibits 119 and 120 (including formatting per court requirements: text searchable reduced size PDF files, Bates numbered and labeled). Fees App. Ex. B at 41. There are billing entries with similar tasks on July 29, 2024, August 28, 2024, December 9, 2024, January 6, 2025, May 5, 2025, May 21, 2025, June 25, 2025, and August 30, 2025. *Id.* at 31, 33, 39, 40, 43. Consistent with other decisions regarding an appropriate rate for Mr. Green performing paralegal work, I will reduce his rate for these tasks to $172.00 per hour. **This will result in a reduction of attorneys' fees of $1,190.40.**[3]

Accordingly, Petitioner is awarded final attorneys' fees in the amount of $20,182.60.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $21.00 for postage. Petitioner has provided adequate documentation supporting his requested costs, and is therefore awarded the full amount of costs sought.

### III.    Conclusion

In accordance with the foregoing, I hereby **GRANT IN PART** Petitioner's motion for attorneys' fees and costs and find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| Attorneys' Fees Requested | $21,373.00 |
|---|---|
| (Reduction of Fees) | ($1,190.40) |

---

[3] This amount is calculated as ($470 - $172) x 0.9 hrs. + ($490 - $172) x 2.9 hrs. = $1,190.40

| | |
|---|---|
| **Total Attorneys' Fees Awarded** | **$20,182.60** |
| | |
| Attorneys' Costs Requested | $21.00 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$21.00** |
| | |
| **Total Attorneys' Fees and Costs** | **$20,203.60** |

**Accordingly, I award a lump sum in the amount of $20,203.60 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>**/s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).